Winter v Winter (2018 NY Slip Op 08535)





Winter v Winter


2018 NY Slip Op 08535


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2017-02782
 (Index No. 21955/11)

[*1]Ronald A. Winter, appellant, 
v
Nancy . Winter, respondent.


Michael V. Devine, Belle Terre, NY, for appellant.
Law Office of Dorothy A. Courten, PLLC, Hauppauge, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), dated January 4, 2017. The order denied, without a hearing, the plaintiff's motion to modify his child support obligation.
ORDERED that the order is affirmed, with costs.
The parties were divorced by judgment entered March 30, 2010. The plaintiff's child support obligation was set forth in a separation agreement that was incorporated but not merged into the judgment, as well as in the judgment itself. In 2011, the plaintiff commenced this action to modify his child support obligation. The parties entered into a stipulation of settlement on the record in open court and, in an order dated June 19, 2013, the Supreme Court, inter alia, set forth the plaintiff's child support obligation. The order dated June 19, 2013, provided, in part, "that this order shall continue in effect irrespective of whether or not [the subject child] is emancipated prior to July 2019 or lives full time with the [plaintiff]."
Thereafter, the plaintiff moved to modify his child support obligation. He argued, in effect, that his child support obligation should be modified since the subject child, who was 18 years of age, now lived with the plaintiff full-time as a result of the defendant moving to a different state without that child. In an order dated January 4, 2017, the Supreme Court denied, without a hearing, the plaintiff's motion. The plaintiff appeals.
We agree with the Supreme Court's determination to deny, without a hearing, the plaintiff's motion to modify his child support obligation. The plaintiff's allegations were insufficient to show, prima facie, a substantial change in circumstances to justify a modification (see Domestic Relations Law § 236[B][9][b][2]; Isichenko v Isichenko, 161 AD3d 833, 834-835), particularly in light of the parties' agreement that the plaintiff's support obligation for the child would continue even in the event that the child lived with the plaintiff full-time.
MASTRO, J.P., LEVENTHAL, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court